IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENT OLDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-09-564-C |
| | ) | |
| ADVANCE STORES COMPANY, | ) | |
| INC., d/b/a Advance Auto Parts, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present case seeking redress for alleged wrongs committed by Defendant's employees during Plaintiff's employment. Plaintiff also seeks to recover for Defendant's alleged retaliatory termination of his employment. According to Plaintiff, while employed by Defendant, he was subjected to continuous religious discrimination, in violation of Title VII, 42 U.S.C. §§ 2000e et seq.; he suffered retaliation for engaging in activity protected by Title VII; and that Defendant's termination of him violated Oklahoma's public policy. Defendant filed the present motion pursuant to Fed. R. Civ. P. 12(b)(1), asserting: Plaintiff seeks to recover for actions that occurred more than 300 days before Plaintiff filed a charge with the Equal Employment Opportunity Office ("EEOC") and therefore those claims are time barred; that the charge Plaintiff filed with the EEOC failed to raise a claim of hostile environment; and that Plaintiff failed to assert before the EEOC that his termination was in retaliation for reporting the sexual harassment of Angela Reeves.

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is set forth in Holt v. United States, 46 F.3d 1000 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Id. at 1002-03 (internal citations omitted).

In this case, Defendant challenges the facts upon which the Court's subject matter jurisdiction exists. Therefore, the Court will consider the evidentiary materials attached to the parties' briefs. Although his position is somewhat unclear, it appears that Plaintiff argues Defendant's motion goes to the merits and, accordingly, warrants 12(b)(6) consideration. In certain circumstances the Court must treat the motion as one brought pursuant to Rule 12(b)(6). See Holt, 46 F.3d at 1003 ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."). Here, that rule is not implicated. "Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." Sun Valley Gasoline, Inc. v. Ernst Enters., Inc., 711 F.2d 138, 139 (9th Cir. 1983) (quoting

Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)). The merits of Plaintiff's case center on whether he was discriminated against. Defendant's motion addresses whether Plaintiff has satisfied the jurisdictional prerequisites for bringing suit in this Court. Thus, in resolving Defendant's motion, it is not necessary to consider the merits of Plaintiff's claim. Consequently, treatment of the present motion as a Rule 12(b)(6) or 56 motion is not required.

Defendant raises three challenges which seek dismissal of portions of Plaintiff's claims. First, Defendant argues that certain actions of which Plaintiff complains occurred more than 300 days prior to the filing of the charge and therefore those complaints are time barred; second, Defendant argues that Plaintiff failed to raise a hostile work environment claim in his EEOC charge; and third, Defendant alleges that Plaintiff did not include a claim that he was retaliated against for reporting sexual harassment in his EEOC charge. The Court will address these issues in reverse order.

Initially the Court notes that Plaintiff's Complaint does not state a claim for relief for the alleged retaliation based on Plaintiff's report of the sexual harassment of Ms. Reeves. While there is a paragraph outlining Plaintiff's actions vis-à-vis Ms. Reeves, his request for relief for retaliation focuses solely on his claims of religious discrimination. Nevertheless, because apparently the parties consider the claim to have been raised, the Court will address the issue.

In considering whether Plaintiff included the retaliation claim in his EEOC charge, the Court is guided by the Tenth Circuit's holding in MacKenzie v. City & County of

3

Denver, 414 F.3d 1266 (10th Cir. 2005). There the Circuit stated: "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." Id. at 1274. Of course the administrative charge is crucial because "a plaintiff must exhaust [his] claims before the EEOC as a prerequisite to federal court jurisdiction over [his] [Title VII] claims." Id. As it related to his discharge, the EEOC charge filed by Plaintiff states: "On or about February 22, 2008 I was retaliated against by being discharged from my position of Commercial Parts Pro." Dkt. No. 22, Exh. 1. "On or about February 22, 2008, Jim Flanagan, Division Manager, informed me I was discharged for alleged sexual harassment." Id. Nothing in the remainder of the charge offers any suggestion that Plaintiff engaged in the protected activity of reporting the sexual harassment of a co-worker. There is no reference to Ms. Reeves or any suggestion that Plaintiff engaged in the protected activity of reporting sexual harassment anywhere in the charge. Thus, it cannot be said that an investigation of that claim would reasonably follow. Accordingly, Plaintiff has failed to exhaust his administrative remedies with respect to this claim and the Court lacks subject matter jurisdiction to consider it. Defendant's motion will be granted on this issue.

The next issue is whether Plaintiff's EEOC charge raised a claim of hostile work environment. According to Defendant, although Plaintiff's Complaint alleges the existence of a hostile work environment, Plaintiff did not raise that type of claim before the EEOC. Therefore, Defendant argues, Plaintiff has failed to exhaust his administrative remedies and the Court lacks jurisdiction over any hostile work environment claim. Plaintiff asserts that

4

he has not raised a claim for hostile work environment, but that his allegations are merely part of the discrimination he suffered and that he has exhausted that claim. Plaintiff's arguments misapprehend the distinct nature of the two claims. "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). Thus, a hostile work environment claim exists where many separate acts any one of which may or may not be actionable but which as a whole create a workplace that "is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment . . . ." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal citation and quotation makes omitted). Distinct from that type of claim is a discrimination claim which is a single discrete event that in and of itself is actionable. Plaintiff's allegations in his Complaint raise a claim of hostile work environment. According to Plaintiff, he faced numerous instances of discriminatory intimidation, ridicule, or insult which altered the conditions of his employment. After review of the allegations in the Complaint, the Court finds that none of the instances standing alone is sufficient to give rise to a claim of discrimination primarily because Plaintiff fails to allege any change in the terms and conditions of his employment as a result of any individual act. Thus, Plaintiff's claims exist, if at all, only as a hostile work environment claim. The question now is whether Plaintiff exhausted his administrative remedies for a hostile environment claim.

Defendant argues that Plaintiff has failed to exhaust because he did not use the words intimidating and hostile working environment. Defendant's argument places too narrow a definition on the procedure for exhaustion. The Tenth Circuit has imposed the following standards for evaluating the scope of the claims covered by a charge:

> A plaintiff's claims in federal court are generally limited to those that "can reasonably be expected to follow the charge of discrimination." Jones v. United Parcel Serv., Inc., 502 F.3d 1176, 1187 (10th Cir. 2007) (quotation omitted). We are required to "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." Id. at 1186.

Denetclaw v. Thoutt Bros. Concrete Contractors, Inc., 287 F.App'x 17, 21 (10th Cir. 2008). The Circuit in Denetclaw found an EEOC charge which identified actions which created a hostile environment during employment adequate to exhaust a hostile work environment claim. Id. Here, in his charge, Plaintiff set forth certain acts which he alleged subjected him to discriminatory harassment and that those claims occurred during his employment. Following the reasoning of Denetclaw, Plaintiff has exhausted his administrative remedies and may pursue a hostile work environment claim. Defendant's motion will be denied on this issue.

The final challenge raised by Defendant argues that certain of Plaintiff's claims occurred more than 300 days before he filed his charge with the EEOC and therefore those claims are time-barred. According to Defendant, in his EEOC charge Plaintiff alleged discriminatory actions on October 2, 2006, the Jewish holidays of Sukkoth (presumably December 2006), December 13 and 14, 2006, April 13, 2007, and April 16, 2007. Because

6

Plaintiff filed his EEOC charge on April 30, 2008, the 300th day prior was July 4, 2007, and any acts that occurred prior to that date are barred as untimely.

Defendant's arguments are in error because of its earlier determination that Plaintiff had not pled a hostile environment claim. The Supreme Court has clearly stated the validity of relying on acts occurring more than 300 days prior to the charge in a hostile environment case.

> The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability

Morgan, 536 U.S. at 117. Here, Plaintiff's Complaint alleges acts which if proven would fall within the hostile environment claim and those acts occurred less than 300 days before Plaintiff filed his charge. Consequently, those acts which occurred more than 300 days before may be considered when determining liability.

## **CONCLUSION**

Plaintiff failed to timely exhaust required administrative remedies for his claim of retaliation for reporting sexual harassment. Therefore, the Court lacks subject matter jurisdiction over that claim. Accordingly, Defendant's Motion to Dismiss (Dkt. No. 19) is GRANTED on that claim. Because it is the failure to file the charge with the EEOC and not a defect in Plaintiff's Complaint that creates the defect, the DISMISSAL will be with

prejudice. The remainder of Plaintiff's claims survive and Defendant's Motion to Dismiss will be DENIED in all other respects.

IT IS SO ORDERED this 31st day of August, 2010.

_____
ROBIN J. CAUTHRON
United States District Judge